_____

BEAR WARRIORS UNITED,
INC., a Florida Not for Profit Corporation,

    Plaintiff,

  v.         **CASE NO.: 6:22-CV-02048**

SHAWN HAMILTON, in his Official Capacity
as Secretary of the FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

    Defendant.

_____

## <u>AMENDED MOTION TO WITHDRAW AS COUNSEL</u>

  The undersigned counsel, MACIE J. H. CODINA, moves for leave to withdraw as counsel for Plaintiff, BEAR WARRIORS UNITED INC., in this action, and in support thereof states:

  1.  This is a declaratory action in which Plaintiff is suing Defendant for violations of the Endangered Species Act.

  2.  The Complaint was filed on November 4, 2022; the Amended Complaint was filed on February 10, 2023; and a Second Amended Complaint was filed on March 21, 2023.

3.      Defendant filed a Motion to Dismiss the Second Amended Complaint on April 4, 2023, which is still pending before the Court.

4.      The withdrawal of an attorney is a matter of Florida law. Rule 4-1.16(b), Florida Rules of Professional Conduct, provides the following:

(b) When Withdrawal Is Allowed. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

5.      Furthermore, Rule 2.02, Local Rules for the Middle District of Florida, provides:

(c) WITHDRAWAL. If a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from, the action.

(1) To withdraw, a lawyer:

(A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal, and

(B) must file a motion to withdraw that includes:

(i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal and

(ii) if withdrawal will result in a person proceeding pro se, the person's mailing address, email address, and telephone number.

(2) The withdrawing lawyer — not the lawyer's present or former firm or another lawyer — must move to withdraw unless unable because of an emergency, disability, or death.

(3) If withdrawal might cause the continuance of a trial, a lawyer cannot withdraw absent a compelling ethical problem, emergency, disability, or death.

6. In accordance with Rule 2.02(c)(1)(A), Local Rules for the Middle District of Florida, undersigned counsel hereby certifies that Plaintiff was notified of Guilday Law's intent to withdraw fourteen days prior to the filing of this Motion via email on August 21, 2023. Plaintiff responded to the email stating that it would not oppose Guilday Law's withdrawal if the Motion were to include certain statements which undersigned counsel rejected, as they were false, offensive, and defamatory to undersigned counsel.

7. Undersigned counsel has reached out to Plaintff three times, most recently by email to Plaintiff on September 13, 2023, to get clarification on whether Plaintiff opposes this Motion, but have not received a definitive reply from Plaintiff to any of the undersigned counsel attempts to communicate.

8. It would be inappropriate to include Plaintiff's false, offensive, and defamatory email with this Motion. Because Plaintiff conditioned not opposing the Motion if it contained the false, offensive, and defamatory email, and appears to

have cut off further communication, undersigned counsel assumes Plaintiff opposes the Motion. Under the circmstances, this is the clearest answer that can be offered.

9.     Undersigned counsel and Guilday Law will be withdrawing on the grounds as provided in Rule 4-1.16(b)(1)-(5), F.R.P.C., and Local Rule 2.02(c)(1), M.D. Fla. L.R.

10.     Plaintiff will not be prejudiced in any way by the undersigned counsel of record withdrawing. Undersigned counsel and Guilday Law played a supporting role to attorney Lesley Blackburn, who is the designated lead counsel for Plaintiff; there are no pending deadlines until February 6, 2024 (the deadline to file Plaintitff's expert report disclosure); and the trial term is not until October 2024. No deadlines will need to be continued.

11.     It has become clear that fundamental and irreconcilable disagreements exist between Plaintiff and undersigned counsel. A more detailed explanation could jeopardize the Plaintiffs' attorney-client privilege, and hence is not set forth herein. See, *Horan v. O'Connor*, 832 So.2d 193 (Fla. 4th DCA 2002) ("We see no need for this counsel to explain why he wishes to withdraw in more detail, as such an explanation could be detrimental to the client or protected by the attorney-client

privilege." Id. at 194.) Should the Court require more detail, undersigned counsel suggests holding an in camera and ex-parte conference with the Court.

12.     It is well-settled that "in a civil action, the attorney of record has the absolute right to terminate the attorney client relationship and to withdraw as attorney of record unless granting such a request would interfere with the efficient and proper functioning of the court." *Martin v. Laidlaw Tree Service, Inc.* 619 So.2d 435,439 (Fla. 2d DCA 1993)(emphasis supplied). See also Rule 4-1.16(b), Florida Rules of Professional Conduct.

13.     Furthermore, "we hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court." *Fisher v. State*, 248 So. 2d 479, 486 (Fla. 1971) (e.s.).

14.     Because of the fundamental disagreements between undersigned counsel and the Plaintiff, it is appropriate for the Court to permit undersigned counsel and Guilday Law to withdraw.  Because lead counsel remains of record and

there are no impending deadlines, granting the withdrawal will not interfere at all with the efficient and proper functioning of the Court.

15.     It is reversible error to deny a motion to withdraw even where doing so may require a continuance in the absence of prejudice to a party opposing the motion, *Buscemi v. 6060 Realty Corp.*, 654 So.2d 197 (Fla. 3d DCA 1995), for as recognized by the Supreme Court of Florida:

> [t]he relationship of attorney and client is one involving great personal and professional integrity and responsibility on the part of the lawyer and an equal confidence and trust on the part of the lawyer and an equal confidence and trust on the part of the client.... Such relationship requires absolute confidence in the lawyer and equal confidence in the client by his lawyer. Shotgun weddings and enforced lawyer-client relationships fall in the same category. (e.s.)
>
> ***
>
> The client may discharge his attorney at any time with or without cause. ... The same reasoning implies the conclusion that the same right (except under the "unusual circumstances" situations) must be accorded the lawyer under appropriate procedures to assure that the orderly procedures in the court will not be adversely affected. *Fisher v. State*, 248 So. 2d 479, 484, 486 (Fla. 1971).

16.     Recently, the State of Florida Division of Adminstrative Hearings issued an Order granting Guilday Law's withdrawal from an administrative proceeding in which Guilday Law also represented Bear Warriors United, Inc, when the trial was less than a month away. *See attached as Exhibit "A."* Guilday Law was given leave by the Judge to withdraw for similar reasons as stated above.

17.     Undersigned counsel has conferred with counsel for Defendant concerning this Motion who does not object to her withdrawal.

18.     For reasons set forth above, good cause exists for granting undersigned counsel and Guilday Law leave to withdraw as counsel for Plaintiff, her withdrawal will not materially adversely affect the interests of the Plaintiff, and granting such request would not interfere with the efficient and proper functioning of the proceeding.

19.     Please be advised that undersigned counsel is no longer with Guilday law and her last day with that firm was on September 8, 2023.

WHEREFORE, undersigned counsel respectfully requests that the Court:

a.     Issue an Order Granting the undersigned's withdrawal as counsel for Plaintiff in this proceeding and declare that she shall have no further responsibilities in this proceeding; and

b.     Grant such further relief as the Court may deem just and proper.

Respectfully Submitted by:

/s/ Macie J. H. Codina

Macie J.H. Codina • FBN 1039207

macie@guildaylaw.com

**INSPIRED TECHNOLOGIES, INC.**

3058 Highland Oaks Terrace

Tallahassee, FL 32301-3841

<u>**CERTIFICATE OF FILING**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served

to all counsel of record via the CM/ECF system on this  18 th  day of September, 2023.

/s/ Macie J. H. Codina

Macie J.H. Codina