UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,

   Plaintiff,

v.

SHAWN HAMILTON, in his Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

   Defendant.

CASE NO.: 6:22-cv-02048

**BEAR WARRIORS UNITED, INC'S.
RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

1. Plaintiff, BEAR WARRIORS UNITED, INC., by and through the undersigned counsel, hereby responds, under Rule 33, Federal Rules of Civil Procedure, to Defendant SHAWN HAMILTON'S interrogatories.

**PRELIMINARY STATEMENT**

2. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

3. By making the accompanying responses and objections to Defendant's interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to

assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatories, and responses to the interrogatories, to be relevant or material to the subject matter of this action.

    4.    A response to an interrogatory stating that objections shall not be deemed or construed that Plaintiff performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to the interrogatory.

    5.    Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

    6.    Plaintiff's response to Defendant's Interrogatories is made to the best of Plaintiff's present knowledge, information, and belief. Discovery in this action is ongoing, and Plaintiff's responses may be substantially altered by further investigation, including further review of Plaintiff's own documents, as well as the review of documents produced by Defendant, which Plaintiff has just begun to receive. Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on

the present state of Plaintiff's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Plaintiff's further discovery or investigation.

## GENERAL OBJECTIONS

7. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

8. Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatories is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all correspondence between the Plaintiff and Defendant, all other information provided by Defendant to Plaintiff, and all information produced by

Plaintiff to Defendant in response to discovery requests of Defendant. All such information will not be produced.

10. To the extent any of Defendant's interrogatories seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

11. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. **Identify all expert witnesses you expect to call at the final hearing in these proceedings, and state:**

    **A. The subject matter on which the expert is expected to testify,**

    **B. the substance of the facts and opinions to which the expert is expected to testify;**

    **C. a summary of the grounds for each opinion;**

    **D. the scope of employment in the pending case and the compensation for his or her service; and**

    **E. The identity of other cases (including criminal, civil or administrative proceedings in any state or federal forum), within**

    **the previous ten (10) years, in which the expert has testified by deposition or at trial.**

    **RESPONSE:**

As to this interrogatory and all subparts: Objection. Pursuant to Rule 26(a)(2)(D) and the Court's January 19, 2023, Case Management and Scheduling Order, Dkt 44, Plaintiff must disclose its experts and produce expert reports on or before February 6, 2024. This interrogatory premature. Plaintiff will provide responses in compliance with Rule 26(a)(2)(D) and the Case Management and Scheduling Order.

2. **Please refer to the following allegation in paragraph 35 of your Second Amended Complaint: "DEP's consistent failure to penalize wastewater plants for unauthorized discharge of untreated sewage contributes to the hyper eutrophication of the North IRL."**

   A. **Please identify every individual who, to your knowledge or belief, may have an opinion supporting those allegations;**

   B. **Please identify every individual who, to your knowledge or belief, has personal knowledge of facts supporting those allegations.**

   C. **Please identify every document supporting those allegations.**

   D. **Please describe each instance of an "unauthorized discharge" that has occurred since November 4, 2016 to the present.**

   E. **Please describe each instance, since November 4, 2016 to the present, where DEP has failed to penalize a wastewater plant for an unauthorized discharge.**

   **RESPONSE:**

   2A.    Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third

parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as overbroad, as it calls for the identification of every person Plaintiff believe might have an opinion on the topic. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiffs responds as follows: Unknown current and former employees for the Florida Department of Environmental Protection (DEP). Unknown current and former employees at subject wastewater plants. Katrina Shadix of Bear Warriors United, Inc. Discovery

and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

2B.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiffs responds as follows: Unknown current and former DEP employees. Unknown current and former employees at subject wastewater plants. Katrina Shadix of Bear Warriors United, Inc.

Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

2C.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this subpart as unduly burdensome, in that requests to identify documents in the Interrogatories are premature at this early stage of the litigation, would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and would impose an obligation to provide information greater than that required by the Federal Rules of Civil Procedure. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts.

Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiffs responds as follows: Unknown DEP documents. Numerous news articles. Numerous scientific studies. Numerous reports by other State and Federal agencies. Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained and will provide a list of the documents it produces in response to Defendant's First Request for Production of Documents responsive to this request.

2D.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as vague as to "describe", it is unclear how much information asking party is seeking, and what level of detail is being sought. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it

9

is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff responds as follows: In September 2017, there was an unauthorized discharge from several wastewater treatment facilities in the Northern Indian River Lagoon Basin Management Action Plan area. An unauthorized discharge occurred between December 16 and December 23, 2020, at the City of Titusville's Osprey sewer plant. Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

2E.  Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests

10

information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as vague as to "describe", it is unclear how much information asking party is seeking, and what level of detail is being sought. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiffs responds as follows: Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

3. **Please refer to the following allegation in paragraph 39 (page 25) of your Second Amended Complaint: "As a direct and proximate result of the DEP's failure to enforce all of the above laws and regulations, DEP has caused a "taking" of manatees in the North IRL within the meaning of Section 9 of ESA."**

11

A. Please identify every individual who, to your knowledge or belief, may have an opinion supporting those allegations;

B. Please identify every individual who, to your knowledge or belief, has personal knowledge of facts supporting those allegations.

C. Please identify every document supporting those allegations.

D. Please describe, since November 4, 2016 to the present, each occasion when DEP has failed to enforce laws and regulations as alleged.

RESPONSE:

3A.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as compound. Numerous laws and regulations are at issue. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts.

Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff responds as follows: Katrina Shadix of Bear Warriors United, Inc. Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

3B.  Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as compound. Numerous laws and regulations are at issue. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each

13

subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff responds as follows: Katrina Shadix of Bear warriors United, Inc. Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

3C.   Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally know to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as compound. Numerous laws and regulations are at issue. Plaintiff objects to this subpart as unduly burdensome, in that requests to identify documents in the Interrogatories are premature at this early stage of the litigation, would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and would impose an obligation to provide information greater than that required

by the Federal Rules of Civil Procedure. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff responds as follows: Unknown DEP documents. Numerous news articles. Numerous scientific studies. Numerous reports by other State and Federal agencies. Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

3D.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of

15

attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as compound, as numerous laws and regulations are at issue. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff responds as follows: Discovery and investigation are on-going. Plaintiff reserves the right to supplement this response as additional information is obtained.

4. **Please identify each individual who provided information requested in these interrogatories and, for each individual, the number and subpart for which the information was provided.**

   **RESPONSE:**

   Katrina Shadix. 2 A-E, inclusive. 3, A-E inclusive.

16

## VERIFICATION

I, Katrina Shadix, am the Executive Director of Plaintiff Bear Warriors United, Inc. I have read the foregoing Responses and Objections to the First Set of Interrogatories from Defendant Shawn Hamilton and declare under penalty that the information set forth therein is true and correct to the best of my knowledge.

EXECUTED this 18th day of December 2023.

/s/ Katrina Shadix
Katrina Shadix

## **CERTIFICATE OF SERVICE**

  I HEREBY certify that a true and correct copy of the foregoing was served to the following, on this 18th day of December 2023.

Jeffrey Brown
390 Commonwealth Blvd., MS 35
Tallahassee, FL 32399-3000
Jeffrey.Brown@FloridaDEP.gov

            */s/ Brian Colton*
            BRIAN COLTON
            Admitted Pro Hac Vice
            Greenfire Law
            2748 Adeline Street, Suite A
            Berkeley, California 94703
            Telephone: (510) 900-9502 x 701
            bcolton@greenfirelaw.com
            *Counsel for Bear Warriors United, Inc.*