UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,

   Plaintiff,

v.

SHAWN HAMILTON, in his Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

   Defendant.

CASE NO.: 6:22-cv-02048

**BEAR WARRIORS UNITED, INC'S.
RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

1.    Plaintiff, BEAR WARRIORS UNITED, INC., by and through the undersigned counsel, hereby responds, under Rule 33, Federal Rules of Civil Procedure, to Defendant SHAWN HAMILTON'S second set of interrogatories.

**PRELIMINARY STATEMENT**

2.    Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

3.    By making the accompanying responses and objections to Defendant's interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to

assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatories, and responses to the interrogatories, to be relevant or material to the subject matter of this action.

    4.    A response to an interrogatory stating that objections shall not be deemed or construed that Plaintiff performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to the interrogatory.

    5.    Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

    6.    Plaintiff's response to Defendant's Interrogatories, Set Two, is made to the best of Plaintiff's present knowledge, information, and belief. Discovery in this action is ongoing, and Plaintiff's responses may be substantially altered by further investigation, including further review of Plaintiff's own documents, as well as the review of documents produced by Defendant, which Plaintiff continues to receive. Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present

state of Plaintiff's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Plaintiff's further discovery or investigation.

## GENERAL OBJECTIONS

7. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

8. Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatories is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all correspondence between the Plaintiff and Defendant, all other information provided by Defendant to Plaintiff, and all information produced by

3

Plaintiff to Defendant in response to discovery requests of Defendant. All such information will not be produced.

10. To the extent any of Defendant's interrogatories seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

11. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover, Plaintiff does not waive its right to amend its responses.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**1. Please refer to your answer to the second interrogatory from Defendant's first set of interrogatories, including subparts. Please disclose any additional information required by rule 26(e), Federal Rule of Civil Procedure.**

**RESPONSE:**

Without waiving objections, Plaintiffs responds as follows: Plaintiff has previously provided responsive information in Plaintiff's possession, including bates numbered documents: BWU0000001–25;  BWU0000025– BWU0000638; BWU0000651– BWU0000937; BWU0001026–31;

BWU0001063–79; BWU0001093–BWU0001113; BWU0001117–50; BWU0001448-BWU0001929. Plaintiff will produce any further responsive material in Plaintiff's possession responsive to this interrogatory. Plaintiff will provide a list of the documents it produces in response to Defendant's Second Request for Production of Documents. Additionally, in response to this interrogatory, Plaintiff refers to documents produced by Defendant through Plaintiff's discovery requests.

2. **Please refer to your third answer from Defendant's first set of interrogatories, including subparts. Please disclose any additional information required by rule 26(e), Federal Rule of Civil Procedure.**

   **RESPONSE:**

   Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as overbroad, as it calls for the identification of every person Plaintiff believe might have an opinion on the topic. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained

5

within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiffs responds as follows: Plaintiff has previously provided responsive information in Plaintiff's possession including bates numbered documents: BWU0000001–25; BWU0000025– BWU0000490; BWU0000582–590; BWU0000923-924; BWU0000939– BWU0001079; BWU0001082– BWU0001104; BWU0001114 – BWU0001447; BWU0001690–5; BWU0001930–40; BWU0002137–BWU0002157. Plaintiff will produce any further responsive material in Plaintiff's possession responsive to this interrogatory. Plaintiff will provide a list of the documents it produces in response to Defendant's Second Request for Production of Documents. Additionally, in response to this interrogatory, Plaintiff refers to documents produced by Defendant through Plaintiff's discovery requests.

## **VERIFICATION**

I, Katrina Shadix, am the Executive Director of Plaintiff Bear Warriors United, Inc. I have read the foregoing Responses and Objections to the Second Set of Interrogatories from Defendant Shawn Hamilton and declare under penalty that the information set forth therein is true and correct to the best of my knowledge.

EXECUTED this 4th day of May 2024.

/s/ Katrina Shadix
Katrina Shadix

**CERTIFICATE OF SERVICE**

      I HEREBY certify that a true and correct copy of the foregoing was served to the following, on this 6th day of May 2024.

Jeffrey Brown
390 Commonwealth Blvd., MS 35
Tallahassee, FL 32399-3000
Jeffrey.Brown@FloridaDEP.gov

                                                */s/ Jessica Blome*
                                                JESSICA BLOME
                                                Admitted Pro Hac Vice
                                                Greenfire Law
                                                2748 Adeline Street, Suite A
                                                Berkeley, California 94703
                                                Telephone: (510) 900-9502 x 701
                                                jblome@greenfirelaw.com
                                                *Counsel for Bear Warriors United, Inc.*