UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>SHAWN HAMILTON, in his Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>   Defendant. | CASE NO.:  6:22-cv-02048 |

BEAR WARRIORS UNITED, INC'S.
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES

1. Plaintiff, BEAR WARRIORS UNITED, INC., by and through the undersigned counsel, hereby provides supplemental responses, under Rules 26 and 33, Federal Rules of Civil Procedure, to Defendant SHAWN HAMILTON'S interrogatories.

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
INTERROGATORIES

2. **Please refer to the following allegation in paragraph 35 of your Second Amended Complaint: "DEP's consistent failure to penalize wastewater plants for unauthorized discharge of untreated sewage contributes to the hyper eutrophication of the North IRL."**

   **A. Please identify every individual who, to your knowledge or belief, may have an opinion supporting those allegations;**

   **B. Please identify every individual who, to your knowledge or belief, has personal knowledge of facts supporting those allegations.**

**RESPONSE:**

2A.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as overbroad, as it calls for the identification of every person Plaintiff believe might have an opinion on the topic. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff supplements their former response as follows:

Dr. Martine de Wit; Florida Fish and Wildlife Conservation Commission.

Gregory Lee Roy Plflug; 857 Pioneer Way, Geneva, Florida.

Laurilee Thompson; 3550 Irwin Ave, in Mims, Florida.

2B.   Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of

counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff supplements their former response as follows:

Dr. Martine de Wit; Florida Fish and Wildlife Conservation Commission.

Gregory Lee Roy Plflug; 857 Pioneer Way, Geneva, Florida.

Laurilee Thompson; 3550 Irwin Ave, in Mims, Florida.

3. **Please refer to the following allegation in paragraph 39 (page 25) of your Second Amended Complaint: "As a direct and proximate result of the DEP's failure to enforce all of the above laws and regulations, DEP has caused a "taking" of manatees in the North IRL within the meaning of Section 9 of ESA."**

    A. **Please identify every individual who, to your knowledge or belief, may have an opinion supporting those allegations;**

    B. **Please identify every individual who, to your knowledge or belief, has personal knowledge of facts supporting those allegations.**

    **RESPONSE:**

3A.     Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial.

4

Plaintiff objects to this interrogatory as compound. Numerous laws and regulations are at issue. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff supplements their former response as follows:

Dr. Martine de Wit; Florida Fish and Wildlife Conservation Commission.

Gregory Lee Roy Plflug; 857 Pioneer Way, Geneva, Florida.

Laurilee Thompson; 3550 Irwin Ave, in Mims, Florida.

3B.   Plaintiff objects to this interrogatory to the extent it seeks information in the possession of, known to, or otherwise equally known to Defendant. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory in that it requests

5

information that will not be known until after additional discovery is completed. Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff objects to this interrogatory as compound. Numerous laws and regulations are at issue. Plaintiff objects to this interrogatory being presented as a subpart. Plaintiff considers this "subpart" to be a separate interrogatory, as it is not logically or factually subsumed within and necessarily related to the primary question. Plaintiff contends that there is no "primary question" contained within this interrogatory, and that the introductory portion of this interrogatory merely directs Plaintiff to the source of the basis for each subsequent interrogatories, which are improperly identified as subparts. Accordingly, for purposes of counting the total number of interrogatories served per Federal Rule of Civil Procedure 33(a)(1), Plaintiff considers this a separate interrogatory.

Without waiving objections, Plaintiff supplements their former response as follows:

Dr. Martine de Wit; Florida Fish and Wildlife Conservation Commission.

Gregory Lee Roy Plflug; 857 Pioneer Way, Geneva, Florida.

Laurilee Thompson; 3550 Irwin Ave, in Mims, Florida.

## VERIFICATION

I, Katrina Shadix, am the Executive Director of Plaintiff Bear Warriors United, Inc. I have read the foregoing Responses and Objections to the Supplemental Responses to the First Set of Interrogatories from Defendant Shawn Hamilton and declare under penalty that the information set forth therein is true and correct to the best of my knowledge.

EXECUTED this 4th day of May 2024.

/s/ Katrina Shadix
Katrina Shadix

## **CERTIFICATE OF SERVICE**

  I HEREBY certify that a true and correct copy of the foregoing was served to the following, on this 6th day of May 2024.

Jeffrey Brown
390 Commonwealth Blvd., MS 35
Tallahassee, FL 32399-3000
Jeffrey.Brown@FloridaDEP.gov

            */s/ Jessica Blome*
            JESSICA BLOME
            Admitted Pro Hac Vice
            Greenfire Law
            2748 Adeline Street, Suite A
            Berkeley, California 94703
            Telephone: (510) 900-9502 x 701
            jblome@greenfirelaw.com
            *Counsel for Bear Warriors United, Inc.*