United States District Court
Middle District of Florida
Orlando Division

| | |
|---|---|
| BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>SHAWN HAMILTON, in his Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>  Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**<br><br>**CASE NO.:  6:22-cv-02048** |

## I.   Introduction

On June 7, 2024, Plaintiff Bear Warriors United, Inc. timely filed its Notice of Motion and Motion for Summary Judgment, Dkt. 91, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1. Plaintiff's notice of motion and motion contained "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request" in a single document no longer than twenty-five pages, as required by Local Rule 3.01(a). Plaintiff separately filed a Statement of Uncontroverted, Material Facts in Support of Motion for Summary Judgment, an attorney declaration, two expert declarations, three standing declarations, and the deposition transcript of Florida Fish & Wildlife Conservation Commission research scientist Dr. Martine De Wit. *See* Dkt. 91-1 through 91-39. Defendant Shawn Hamilton filed his Motion for

Summary Judgment that same day. Dkt. 92. Defendant Hamilton inserted his "Statement of Undisputed Facts" in his Memorandum of Law in Support of Summary Judgment. *See* Dkt. 92, p. 5-18.

Upon review of Plaintiff's motion papers, Defendant requested that Plaintiff withdraw its Statement of Facts, arguing it was improperly excerpted from the Memorandum of Law in violation of Local Rule 3.01. Plaintiff refused, and Defendant filed its "Motion to Strike" Plaintiff's Statement of Uncontroverted, Material Facts in Support of Motion for Summary Judgment on June 12. Notably, Defendant does not argue that Plaintiff violated the page limitation contained in Local Rule 3.01 in its Notice of Motion and Motion because he cannot. *See generally* Dkt. 98; *see also* Dkt. 91.

Plaintiff files its Opposition to Defendant's Motion to Strike and respectfully requests that the Court deny Defendant's Motion because Plaintiff fully complied with Local Rule 3.01. In the alternative, Plaintiff requests leave of court to amend its Notice of Motion and Memorandum of Law to include pin citations to its declarations and exhibits in the interest of justice and to avoid substantial prejudice to Plaintiff.

**II.   Argument**

    **A.   Plaintiff complied with Local Rule 3.01 in good faith.**

Prior to filing its summary judgment papers, Plaintiff carefully read Local Rule 3.01(a), which provides, in relevant part,

> (a) LENGTH AND CONTENT OF A MOTION. A motion must include— in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request. If the interested parties agree to the relief sought in a motion, the title must include "unopposed." A motion for leave to file a motion of more than twenty-five pages must not exceed three pages inclusive of all parts; must specify the need for, and the length of, the proposed motion; and must not include the proposed motion.

L.R. 3.01(a). Notably, Local Rule 3.01(a) combines what would typically be contained in the notice of motion—a concise statement of the relief requested and the statement of the basis for the request—with the separate requirement that the motion be supported by a memorandum of law. *See* Fed. R. Civ. Proc. 7(b). In so doing, the Middle District has directed that a party moving for summary judgment must fit these components into a single document limited to twenty-five-pages of writing. L.R. 3.01(a). Importantly, Rule 3.01(a) is silent as to the location, content, or requirements for a party's statement of unsupported, material facts, a universal requirement for summary judgment motions, unless specifically directed otherwise. *See* Fed. R. Civ. Proc. 56(c)(1) (requiring a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citations to admissible evidence).

The Committee Notes on Rule 56(c)(1) specifically recognize that judges may differ in their preferences for how the statement of facts shall be presented in summary judgment briefing, but also indicate that the handling

of statements of fact shall be explicitly denoted in the rule if the judge intends to omit it. Fed. R. Civ. Proc. 56(c)(1), Commt. Note (c). In keeping with this directive, the different judges of the Middle District have certainly expressed their preferences on this point explicitly in standing orders. For example, Judge William Jung relies upon his own rules requiring that the moving party, "file a separate 'Statement of Undisputed Material Facts." *See* About the Judges, William Jung, "Preferences," available at https://www.flmd.uscourts.gov/ judges/william-jung (last visited June 21, 2024). Other judges require a combined statement of material facts. *See See Staple v. Northwestern Mut. Life Ins. Co.*, 2019 U.S. Dist. LEXIS 41027 at *5, 2019 WL 645210 (M.D. Fla. January 11, 2019). The instant court's preferences are silent on the issue of separate statements of facts. *See* About the Judges, Carlos Mendoza, "Preferences," available at https://www.flmd.uscourts.gov/ judges/carlos-mendoza (last visited June 21, 2024).

    In addition to Local Rule 3.01(a), Plaintiff must comply with Section IV of the Court's Second Amended Case Management and Scheduling Order, which requires that, "Both the movant and the party opposing summary judgment shall provide pinpoint citations to the record; general references to exhibits or documents are insufficient." Dkt. 84, § IV, p. 4. The Court's Second Amended Case Management and Scheduling Order is silent as to the procedure the Court prefers for presenting statements of uncontroverted

facts. *Id.* Plaintiff did comply with the Court's requirement that it provide pinpoint citations to exhibits and documents. Every factual assertion is so supported in Plaintiff's Statement of Facts. *See* Dkt. 91-1.

In good faith reliance on these rules, Plaintiff prepared and submitted its Statement of Facts to comply with Rule 56, Local Rule 3.01(a), and the Court's Second Amended Case Management and Scheduling Order. The Court should deny Defendant's Motion to Strike and order Defendant to respond to each factual assertion with evidence contradicting the asserted fact, his agreement that the fact is undisputed, or his supported evidentiary objections to the asserted fact.

### B.     Plaintiff's Statement of Facts does not contain argument.

Contrary to the representations made by Defendant in its Motion to Strike, Plaintiff's Statement of Facts does not contain argument and does not improperly expand its opportunity for argument beyond the twenty-five-page limitation contained in Local Rule 3.01(a). Rather, Plaintiff's Statement of Facts reflects separately numbered factual assertions derived from evidence known to Plaintiff and Defendant through discovery, together with citations to the underlying evidence supplied by the parties to support the assertions. *See* Dkt. 91-1. For example, at Paragraph 59, p. 21, Plaintiff asserts, "The UME is ongoing," and then cites to Exhibit 20 of the Declaration of Jessica L. Blome. *Id.* ¶ 59. Exhibit 20 is a copy of the Florida Fish & Wildlife Conservation Commission website describing the ongoing nature of the

Atlantic Coast Unusual Mortality Event. *Id.* Defendant must produce evidence or lodge an evidentiary objection to Plaintiff's evidence to defeat Plaintiff's assertion that this fact is undisputed. *Id.* This evidentiary exercise is standard in summary judgment briefing, where the judge cannot admit or deny evidence on a witness-by-witness basis.

Defendant does not point to any specific factual allegation that it considers to be argument, because it cannot. Plaintiff presented its Statement of Facts in good faith and did not abuse the District's page-limitation by inserting improper argument into its Statement of Facts. The Court should deny Defendant's Motion to Strike because Plaintiff did not improperly expand its opportunity for argument and because Defendant has failed to identify any improperly asserted factual allegations in Plaintiff's Statement of Facts.

### C. The Court should alternatively grant leave to Plaintiff to amend its Memorandum of Law to include pinpoint citations to its declarations and exhibits.

As established in *Jones v. United Space Alliance, L.L.C.*, 170 F. App'x 52, 57 (11th Cir. 2006), the Court may strike a motion that violates local rules or is otherwise non-compliant with court orders. However, the Court also has broad discretion to consider lesser sanctions that may be appropriate and can evaluate whether permitting a non-compliant pleading is in the interest of justice and efficiency. *See Staple*, 2019 U.S. Dist. LEXIS at *5. When analyzing a motion to strike for a violation of federal or local rules, a

district court may consider alternative, lesser sanctions that may be appropriate. *See Harris Corp. v. Fed. Express Corp.*, 2010 U.S. Dist. LEXIS 147398 (M.D. Fla. March 3, 2010). Additionally, a court must determine whether, in the interest of justice and efficiency, it is appropriate to permit a pleading that may be non-complaint to stand. *Staple*, 2019 U.S. Dist. LEXIS 41027 at *5 (denying motion to strike summary judgment and statement of undisputed fact where violation was not made in bad faith, and it is "in the interests of justice and efficient resolution of the matter" to permit the pleadings to stand).

To the extent the Court disagrees with Plaintiff, Plaintiff respectfully requests leave of court to incorporate its evidentiary citations into its Memorandum of Law.

The U.S. District Court of the Middle District of Florida has denied motions to strike statement of facts on at least two occasions. In *Harris Corp. v. Fed. Express Corp.*, the Middle District ordered the plaintiff to refile a pending summary judgment motion to provide pinpoint citations in accordance with the court's case management and scheduling order. 2010 US. List. LEXIS 147398 (M.D. Fla 2010). Plaintiff's memorandum of law referenced paragraphs within the separate statement of facts which provided the requisite pinpoint citations, and the separate statement of facts included allegations not contained with the summary judgment brief. *Id.* at 5. The Court stated that pinpoint citations to pages and lines of the record must

exist within the twenty-five-page summary judgment motion itself. *Id.*

The Middle District in *Staple v. Northwestern Mut. Life Ins. Co.* took an entirely different approach, allowing an allegedly improper statement of facts in support of motion for summary judgment to stand, despite the filing party's alleged failure to comply with the court's case management and scheduling order, which required the parties to "file a stipulation of agreed material facts." 2019 U.S. Dist. LEXIS at *5. The Middle District stated that the filing party's "reliance on the Rules of another court," namely, the Southern District Court, to argue that a separate statement of facts must be filed, was misplaced but understandable. *Id.* at 4-5. Because the violation was not made in bad faith, and in the interest of justice and "efficient resolution" of the matter, the Middle District permitted the motion and corresponding statement of facts to stand. *Id.* at 6 (*see also Esprit Stones Private Ltd. v. Rio Stone Group Inc.*, 2022 WL 18492526 (M.D. Fla. Sept. 15, 2022) (noting that while striking documents is within the court's authority, it may also permit the moving party to correct their mistake); *see also Hodges v. School Bd. of Orange Cty., Fla.*, 2012 WL 5051923 (M.D. Fla. Nov. 18, 2012); *see also Central Money Mortg. Co. Inc. v. Holman*, 122 F.Supp.2d 1345 (M.D. Fla. 2000).

Accordingly, in the interest of justice, to prevent prejudice to both parties,[1] and to ensure the efficient resolution of this case, Plaintiff

---

[1] In its Motion to Strike, Defendant requests permission to file separate responses to Plaintiff's Statement of Facts and Memorandum of Law. Dkt. 98,

respectfully requests that the Court permit Plaintiff the opportunity to correct any violations of Local Rule 3.01(a) by incorporating its citations to evidence into Plaintiff's Memorandum of Law.

### III.   Conclusion

In the interest of judicial economy and due to Plaintiff's good faith effort to comply with both the local rules and the Court's Scheduling Order, Plaintiff moves the Court deny Defendant's Motion to Strike. Alternatively, Plaintiff requests leave of court to correct any deficiencies.

Dated: June 24, 2024,                    Respectfully submitted,

*/s/Lesley Blackner*
Lesley Blackner • FBN 065043

*/s/ Jessica L. Blome*
Jessica L. Blome (admitted pro hac vice)
GREENFIRE LAW P.C.

*Counsel for Plaintiff*

---

p. 3 ¶ 6. Plaintiff expects Defendant to separately respond to Plaintiff's Statement of Facts with evidentiary support for its contentions or evidentiary objections where relevant. Defendant must also respond in opposition to Plaintiff's argument, contained in its Memorandum of Law.

## Certificate of Filing

I HEREBY CERTIFY that true and correct copies of this motion have been served to all counsel of record via the CM/ECF system on this 24th day of June 2024.

*/s/ Jessica San Luis*
Jessica San Luis