UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>ALEXIS A. LAMBERT, in her Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>   Defendant. | **PLAINTIFF'S [PROPOSED] INJUNCTION**<br><br>**CASE NO.:  6:22-cv-02048** |

On April 11, 2025, this Court entered its Order following a two-day bench trial, requesting that Plaintiff "file a proposed injunction detailing the relief it seeks" on or before April 25, 2025. Based on Plaintiff's Memorandum in Support of its Proposed Injunction, the Declaration of Dr. Ray Ball, D.V.M, the Declaration of Dr. Peter Barile, Ph.D., the exhibits attached thereto, and the entire record before the Court, the Court enters the following injunctive orders:

1. Defendant shall apply for an Incidental Take Permit pursuant to 16 U.S.C. § 1539(1)(B) within 60 days of this Order.

2. Defendant shall immediately establish and implement a biomedical assessment program for manatees within the North Indian River Lagoon, the Central Indian River Lagoon, the Mosquito Lagoon, and

the Banana River Lagoon, modeled on the program set forth in "Biomedical health assessments of the Florida manatee in Crystal River—providing opportunities for training during the capture, handling, and processing of this endangered aquatic mammal" a 2012 report published in the Journal of Marine Animals and their Ecology. This program shall be established and overseen by a team of manatee experts, including at least one expert not employed by the Florida Fish and Wildlife Conservation Commission, who shall be subject to approval by Plaintiff. Quarterly reports detailing the results of this program shall be submitted to the Court and made public. This program shall remain in effect until Defendant receives an Incidental Take Permit.

3. Defendant shall immediately establish a supplemental feeding program for manatees in the North Indian River Lagoon, the Central Indian River Lagoon, the Mosquito Lagoon, and the Banana River Lagoon. This program shall be established and overseen by a team of manatee experts, including at least one person chosen by or approved by Plaintiff and Plaintiff's experts. Quarterly reports detailing the results of this program shall be submitted to the Court and made public. This program shall remain in effect until the Defendant receives an Incidental Take Permit.

4. Defendant shall submit quarterly reports to the Court documenting mortality statistics for both adults and neonatal manatees, as well as live manatee recoveries within the North Indian River Lagoon, the Central Indian River Lagoon, the Mosquito Lagoon and the Banana River Lagoon. These reports shall also be made public. This reporting requirement shall remain in effect until Defendant receives an Incidental Take Permit.

5. Defendant shall submit quarterly reports to the Court regarding water quality conditions, seagrass conditions, macroalgae conditions, and harmful algae blooms within the North Indian River Lagoon, the Central Indian River Lagoon, the Mosquito Lagoon and the Banana River Lagoon. These reports shall include all data from the St. Johns River Water Management District on water quality, seagrasses, macroalgae, and harmful algae blooms within these waterbodies. These reports shall be made public. This reporting requirement shall remain in effect until Defendant receives an Incidental Take Permit.

6. The Court issues a temporary moratorium on new residential and commercial construction that use onsite sewage treatment and disposal systems (OSTDS) within the watershed delineated in Figure 1 of the North IRL 2021 Basin Management Action Plan. This moratorium shall be in effect commencing 60 days from the date of

this Order and shall terminate upon the issuance of an Incidental Take Permit to Defendant FDEP.

7. The Court shall retain jurisdiction over this matter until Defendant obtains an Incidental Take Permit.

**IT IS SO ORDERED.**

Dated: _____          By:_____
                                   Hon. Judge Carlos Mendoza of the
                                   U.S. District Court for the Middle
                                   District of Florida