IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BEAR WARRIORS UNITED, INC., a Florida Not for Profit Corporation,<br>*Plaintiff*,<br>v.<br>ALEXIS LAMBERT, in her official capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br>*Defendant*. | No. 6:22-cv-02048 |

**OPPOSED MOTION FOR LEAVE TO FILE
RESPONSE TO PLAINTIFF'S PROPOSED INJUNCTION**

Defendant respectfully requests leave to file a response in opposition to Plaintiff's proposed injunction on or before May 9, 2025. *See* Docs.174 & 174-1. In support of this motion, Defendant asserts the following:

1. On April 11, 2025, this Court found that Plaintiff is entitled to its requested relief and ordered Plaintiff to submit a proposed injunction. Doc.172 at 20-21. Plaintiff filed its proposed injunction on April 25, 2025. Doc.174.

2. In its proposed injunction, Plaintiff requests multiple far-reaching remedies. Specifically, Plaintiff asks this Court to compel Defendant to:

(1) apply for an Incidental Take Permit under 16 U.S.C. §1539(1)(B) within 60 days; (2) establish programs to feed and provide veterinary care to manatees in the affected areas; (3) hire "experts" chosen in part by Plaintiff to "oversee" these programs; and (4) prepare public quarterly reports on (A) these programs' activities and (B) environmental conditions and manatee population statistics. Doc.174 at 1-3. Plaintiff also requests a "moratorium" on all private "residential and commercial construction that uses onsite sewage treatment and disposal systems" in the affected areas until Defendant secures an Incidental Take Permit. Doc.174 at 4.

3. Plaintiff's proposed injunction raises several new issues that merit a response. Defendant's response will assist this Court in resolving these questions and deciding the appropriate scope of injunctive relief. While the parties have extensively briefed the question of liability, there has been little to no briefing thus far on the proper scope of relief. *See Farmworker Ass'n of Fla. v. Uthmeier*, 2025 WL775558 at *1 (S.D. Fla. Mar. 11, 2025) (inviting "additional briefing on the scope of the injunction" because "the parties' original briefing was relatively scant on this issue").

4. Accordingly, Defendant requests leave to file a response in opposition to Plaintiff's proposed injunction. Defendant requests to file the

response within two weeks, on or before May 9, 2025, which is the same amount of time the Court gave Plaintiff to file its proposal and brief. This timeline will allow Defendant to adequately address the issues raised by Plaintiff's proposed injunction. It will also allow Defendant to review and, if necessary and appropriate, respond to the expert declarations attached to Plaintiff's proposed injunction.

5.     Allowing Defendant to file a response will not prejudice Plaintiff. Defendant seeks only a short period of time—just two weeks—to file a response. And if Plaintiff wishes to address any arguments made in Defendant's response, it may seek leave from this Court to file a reply. Defendant would not oppose leave for Plaintiff to file a reply.

**MEMORANDUM OF LAW**

The Local Rules for the Middle District of Florida do not authorize or prohibit a response to the proposed order. The Court's April 11, 2025 order did not indicate whether a response was appropriate. However, given the lack of previous briefing on the scope and propriety of a remedy, it would be appropriate to permit a response. *See Farmworker Ass'n of Fla. v. Uthmeier, supra*, 2025 WL775558 at *1.

WHEREFORE Defendant requests leave to file a response as described above.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that I have conferred with Plaintiff's counsel and Plaintiff opposes this motion. Defendant requested Plaintiff's position by email, and Plaintiff expressed its opposition by reply e-mail.

Dated: April 28, 2025            Respectfully submitted,

 */s/ Jeffrey Brown*
Jeffrey Brown (FL Bar 843430)
Kelley F. Corbari (FL Bar 103692)
DEPARTMENT OF ENVIRONMENTAL PROTECTION
3900 Commonwealth Blvd.
MS 35
Tallahassee, FL 32399
(850) 245-2242
jeffrey.brown@floridadep.gov

*Counsel for Defendant Alexis Lambert, in her official capacity as Secretary of the Florida Department of Environmental Protection*

CERTIFICATE OF SERVICE

I HEREBY certify that a rule and correct copy of the foregoing was served via the Court's CM/ECF system, which provides notice to all parties, on this 28th day of April 2025.

/s/ Jeffrey Brown
Jeffrey Brown