UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXIS A. LAMBERT, in her Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>Defendant. | **PLAINTIFF'S MOTION ON ENTITLEMENT TO ATTORNEYS' FEES AND EXPENSES**<br><br>CASE NO.:  6:22-cv-02048 |

Plaintiff Bear Warriors United, Inc., by and through undersigned counsel and in accordance with Local Rule 7.01(b), requests a determination of entitlement to attorneys' fees and expenses in this action under the Endangered Species Act (ESA), 16 U.S.C. § 1540(g)(4). As the prevailing party in this complex litigation, *see* Dkts. 112 (Order on Motion to Dismiss) 134 (Order on Summary Judgment) 172 (Order after Trial), 173 (Judgment), which required enforcement of the Endangered Species Act to a state agency, Plaintiff is entitled to an award of reasonable attorneys' fees and expenses. This motion is based on the ESA and its implementing regulations; the pleadings and other papers filed in this case; the attached memorandum of law; and such other matters as may be presented to the Court.

## Memorandum of Law

**I.      Plaintiff is entitled to recover its reasonable attorneys' fees and expenses under the Endangered Species Act.**

Under the ESA, the Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, *whenever the court determines such award is appropriate.*" 16 U.S.C. § 1540(g)(4). An award is "appropriate" when a party has some success on merits. *Loggerhead Turtle v. Cty. Council*, 307 F.3d 1318 (11th Cir. 2002) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)). And, reasonable fees are presumptively appropriate when a citizen-litigant wins some success under the ESA. *Id.* "When-appropriate" statutory fee arrangements are intended to expand the class of parties eligible for fee awards and to permit awards of fees to prevailing parties, including those who only partially prevail. *Id.* at 1322, fn 4 (comparing the "where appropriate" standard to the permissive structure afforded civil rights litigants who seek recovery of attorneys' fees and costs)*; see also Animal Legal Def. Fund v. Special Memories Zoo*, 42 F.4th 700, (7th Cir. 2022); *see also Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001) (holding that a party who obtains a judgment in her favor on the merits has prevailed for the purpose of determining eligibility for a fee award).

There can be no doubt that Plaintiff has prevailed in this litigation. Plaintiff pled two causes of action in its Second Amended Complaint. Dkt. 59. With "Count 1," Plaintiff asked the Court to issue an injunction against Defendant Florida Department of Environmental Protection (FDEP) to prevent further violations of Section 9 of the ESA, 16 U.S.C. §§ 1531-1544. Dkt. 59, p. 27-29. With "Count 2," Plaintiff sought declaratory relief that Defendant FDEP had violated the ESA by unlawfully taking Florida manatees in the past. Dkt. 59, p. 29-30. Plaintiff prevailed against Defendant's Motion to Dismiss the Second Amended Complaint, Dkt. 112; on summary judgment, Dkt. 134; after trial, Dkt. 172; and is the beneficiary of this Court's Final Judgment, Dkt. 173. Defendant failed in its defense against Plaintiff in every respect, and Plaintiff prevailed on each of the claims set forth in its Second Amended Complaint. Dkt. 59. Plaintiff is entitled to recover its reasonable attorneys' fees and expense, including expert costs.

## II. Plaintiff is entitled to a multiplier because it achieved excellent results at a significant public benefit.

In *Am. Lands Alliance v. Norton*, the D.C. Circuit addressed a motion seeking attorney's fees and costs pursuant to 16 U.S.C. § 1540 of the ESA, applying the Laffey Matrix as the starting point for looking at fees. *See Am. Lands All. v. Norton*, 525 F. Supp. 2d 135, 142 (D.D.C. 2007). "Using this matrix as a guide, the Court must then exercise its discretion to adjust this

sum upward or downward to arrive at a final fee award that reflects 'the characteristics of the particular case (and counsel) for which the award is sought.'" *Id.* (quoting *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D.D.C. 1983)).

A multiplier in an ESA case may be awarded based upon consideration of the contingent nature of the success attained by plaintiffs and the public importance of the result. *See Sierra Club v. Clark*, 755 F.2d 608, 620 (8th Cir. 1985) (upholding multiplier of 30% in case brought under ESA). The Florida Supreme Court has stated (in a non-ESA case) that once a "court arrives at a lodestar figure, it may add or subtract from the fee based upon a 'contingency risk' factor and the 'results obtained.'" *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985). The Court further noted:

> Based on our review of the decisions of other jurisdictions and commentaries on the subject, we conclude that in contingent fee cases, the lodestar figure calculated by the court is entitled to enhancement by an appropriate contingency risk multiplier in the range from 1.5 to 3. When the trial court determines that success was more likely than not at the outset, the multiplier should be 1.5; when the likelihood of success was approximately even at the outset, the multiplier should be 2; and, when success was unlikely at the time the case was initiated, the multiplier should be in the range of 2.5 and 3.

*Id.* There can be no doubt that Plaintiff's success in this case has resulted in significant public benefit and excellent results. Moreover, as Plaintiff is only the second successful litigant in an ESA, section 9 case against a government

entity in Florida,[1] Plaintiff understood that the likelihood of success was—at best—even at the outset. Declaration of Jessica L. Blome, ¶ 7. Accordingly, Plaintiff seeks a multiplier of 2.0 applied its litigation counsels' attorneys' fees. If the Court determines that Plaintiff is entitled to recover its attorneys' fees and expenses from Defendant, Plaintiff will set forth evidence and argument to support its request for a 2.0 multiplier, which it includes in its summary of its anticipated request for attorneys' fees and expenses below. *Id.* at ¶¶ 9, 12.

### III. Plaintiff's Summary of Attorneys' Fees and Costs

Plaintiff's counsel handled this litigation on a partial contingent-fee or fully contingent-fee basis. Blome Decl. ¶ 8. Lead Counsel Lesley Blackner initiated the litigation on November 4, 2024, on a fully contingent-fee basis, with co-counsel Ralph A. DeMeo of Guilday Law, P.A. *Id.* Without Plaintiff's knowledge or consent, Mr. DeMeo and his team moved to withdraw from the case on September 18, 2023. *Id.*; *see also* Dkt. 69, 70. Plaintiff paid Mr. DeMeo and his team attorneys' fees in the amount of $95,000 to litigate this matter from case inception through his unexpected withdrawal. *Id.*

Attorneys at Greenfire Law, PC spent approximately 655 attorney hours litigating this case, since joining lead counsel Lesley Blackner to represent Plaintiff on December 4, 2023. Blome Decl. ¶ 9. Greenfire Law, PC represented

---

[1] *See supra, Loggerhead Turtle*, 307 F.3d at 1318.

5
Plaintiff's Motion on Entitlement to Attorneys' Fees and Expenses

entity in Florida,[1] Plaintiff understood that the likelihood of success was—at best—even at the outset. Declaration of Jessica L. Blome, ¶ 7. Accordingly, Plaintiff seeks a multiplier of 2.0 applied its litigation counsels' attorneys' fees. If the Court determines that Plaintiff is entitled to recover its attorneys' fees and expenses from Defendant, Plaintiff will set forth evidence and argument to support its request for a 2.0 multiplier, which it includes in its summary of its anticipated request for attorneys' fees and expenses below. *Id.* at ¶¶ 9, 12.

### III. Plaintiff's Summary of Attorneys' Fees and Costs

Plaintiff's counsel handled this litigation on a partial contingent-fee or fully contingent-fee basis. Blome Decl. ¶ 8. Lead Counsel Lesley Blackner initiated the litigation on November 4, 2024, on a fully contingent-fee basis, with co-counsel Ralph A. DeMeo of Guilday Law, P.A. *Id.* Without Plaintiff's knowledge or consent, Mr. DeMeo and his team moved to withdraw from the case on September 18, 2023. *Id.*; *see also* Dkt. 69, 70. Plaintiff paid Mr. DeMeo and his team attorneys' fees in the amount of $95,000 to litigate this matter from case inception through his unexpected withdrawal. *Id.*

Attorneys at Greenfire Law, PC spent approximately 655 attorney hours litigating this case, since joining lead counsel Lesley Blackner to represent Plaintiff on December 4, 2023. Blome Decl. ¶ 9. Greenfire Law, PC represented

---

[1] *See supra, Loggerhead Turtle*, 307 F.3d at 1318.

Plaintiff's Motion on Entitlement to Attorneys' Fees and Expenses

Plaintiff on a partial-contingent fee basis at a maximum rate of $250 per hour. *Id.* Attorneys at Greenfire Law, PC handled Plaintiff's written discovery, responses to written discovery, depositions, and dispositive motion practice alongside Attorney Blackner. *Id.* Greenfire Law Attorney Jessica L. Blome also provided primary pre-trial and trial litigation assistance. *Id.* Greenfire Law, PC requests reasonable attorneys' fees in the approximate amount of $460,500 for its attorney labor and time in this case. *Id.* Greenfire Law, PC will reimburse Plaintiff for all fees and costs paid, retaining any additional fees as their payment for legal services in this litigation. *Id.* Plaintiff will ask the Court to apply a 2.0 multiplier to Greenfire Law, PC's attorneys' fee award, for a total of $920,999.00 in attorneys' fees requested for Greenfire Law, PC as of the date of this motion. *Id.*

Lead Attorney Lesley Blackner spent countless hours litigating this case, but in the interest of ensuring that Plaintiff recovers attorneys' fees for Greenfire Law, PC and Guildlay Law, PA's work, Attorney Blackner seeks a modest award of $100,000 in attorneys' fees for her many years of work. Blome Decl. ¶ 10. Plaintiff will ask the Court to apply a 2.0 multiplier to Attorney Blackner's attorneys' fee award, for a total of $200,000 in attorneys' fees for Attorney Blackner. *Id.*

Finally, Plaintiff asks to recover $20,000 in expert costs for Dr. Ray Ball, D.V.M. and $169,500 for Dr. Peter Barile, Ph.D. Blome Decl. ¶ 11. Plaintiff

seeks to recover an additional $7,531.47 in litigation expenses, including for travel expenses related to the Court's March 17 and 18, 2025, trial. *Id.* Per Local Rule 7.01(c), Plaintiff will produce invoices, accounting, and receipts to substantiate these costs after the Court grants Plaintiffs' motion on fee entitlement. *Id.*

Plaintiff summarizes their attorneys' fees and expenses and provides a total of Plaintiff's anticipated request for attorneys' fees and costs below:

| Law Firm | Summary | with 2.0 Multiplier |
| --- | --- | --- |
| Guildlay Law, PA | $95,000 | |
| Greenfire Law, PC | $460,499.50 | $920,999 |
| Lesley G. Blackner | $100,000 | $200,000 |
| Ball Expert Expenses | $20,000 | |
| Barile Expert Expenses | $169,500 | |
| Expenses | $7,531.47 | |
| **Total** | | **$1,413,030.47** |

Per Local Rule 7.01(c), if the Court grants Plaintiff's Motion on Entitlement to Attorneys' Fees and Expenses, Plaintiff will make every effort to meet and confer with Defendant before substantiating its fee requests with a supplemental motion on amount. Plaintiff will update attorney time to reflect time incurred to prepare a fee motion if Plaintiff and Defendant cannot settle Plaintiff's claim for attorneys' fees and costs.

## IV. Conclusion

Plaintiff respectfully requests that the Court grant Plaintiff's Motion on Entitlement to Attorneys' Fees and Expenses and permit Plaintiff to file a supplemental motion to substantiate Plaintiff's fee request pursuant to Local Rule 7.01(c).

Dated: April 28, 2025,                Respectfully submitted,

*/s/ Lesley Blackner*
Lesley Blackner • FBN 065043
Lead Counsel
300 S. Duval Street #505
Tallahassee, FL 32301
Telephone: (561)-818-6621
lesleyblackner@gmail.com

Jessica L. Blome (admitted pro hac vice)
GREENFIRE LAW P.C.
2748 Adeline St., Suite. A
Berkeley, California 94703
Telephone: (510) 900-9502 ext. 703
jblome@greenfirelaw.com

### Certificate of Filing

I HEREBY CERTIFY that true and correct copies of this motion have been served to all counsel of record via the CM/ECF system on this 28th day of April 2025.

*/s/ Jessica L. Blome*
Jessica L. Blome