# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| BEAR WARRIORS UNITED, INC, a Florida Not for Profit Corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>ALEXIS A. LAMBERT, in her Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>　　Defendant. | **PLAINTIFF'S MOTION FOR LEAVE TO REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION ON ENTITLEMENT TO ATTORNEYS' FEES AND EXPENSES**<br><br>CASE NO.: 6:22-cv-02048 |

Plaintiff Bear Warriors United, Inc., by and through undersigned counsel and in accordance with Local Rule 3.01(d) hereby moves for leave to reply to Defendant's Response in Opposition to Plaintiff's Motion of Entitlement to Attorneys' Fees and Expenses. Dkts. 185, 185-1. Plaintiff timely filed its Motion for Entitlement to Attorneys' Fees and Expenses on April 28, 2025, Dkt. 176, 176-1. The next day, the court rejected Plaintiff's Motion without prejudice because Plaintiff did not note that it had met and conferred with Defendant regarding Plaintiff's request for attorneys' fees, as required by Local Rule 3.01(g). Dkt. 177. Plaintiff immediately revised and resubmitted its motion with the corrected notation. Dkt. 178. Defendant now asks the Court to

reject Plaintiff's Motion as untimely, and Plaintiff seeks leave to reply to Defendant on this point.

In addition, Defendant's Response raises at least one novel question of law regarding the applicability of state pre-suit notification requirements for personal injury and civil rights claims that have never been applied to citizen suit provisions of federal environmental statutes in Florida or any state. Plaintiff will argue that federal environmental statutes, such as 16 U.S.C. § 1540(g)(4) of the Endangered Species Act, are exempt from pre-suit notifications requirements other than those explicitly required by the federal statute. *See* 16 U.S.C. § 1540(g)(2)(A)(i) ("No action may be commenced under subsection (a)(1)(A) of this section – (i) prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator . . ."). Federal preemption applies to any additional pre-suit state law requirements Defendant's hope to impose on Plaintiff.

Finally, Defendant inappropriately argues the merits of Plaintiff's estimated attorneys' fee request, which Plaintiff was required to submit in its Motion on Entitlement, pursuant to Local Rule 7.01(b)(2). Should the Court engage with Defendant's premature attack on Plaintiff's estimated fee request, Plaintiff respectfully requests the ability to reply to Defendant's argument during this first phase of Local Rule 7.01's bifurcated procedure.

THEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to Reply to Defendant's Response and Opposition to Plaintiff's Motion on Entitlement to Attorneys' Fees and Expenses, pursuant to Local Rule 3.01.

Dated: May 14, 2025,   Respectfully submitted,

*/s/Jessica L. Blome*
Lesley Blackner • FBN 065043
Lead Counsel
300 S. Duval Street #505
Tallahassee, FL 32301
Telephone: (561)-818-6621
lesleyblackner@gmail.com

Jessica L. Blome (admitted pro hac vice)
GREENFIRE LAW P.C.
2748 Adeline St., Suite. A
Berkeley, California 94703
Telephone: (510) 900-9502 ext. 703
jblome@greenfirelaw.com

## Local Rule 3.01(g) Certification

Plaintiff's counsel met and conferred with Defendants' counsel, who does not oppose the relief requested in Plaintiff's motion.

*/s/ Jessica L. Blome*
Jessica L. Blome

## Certificate of Filing

I HEREBY CERTIFY that true and correct copies of this motion have been served to all counsel of record via the CM/ECF system on this 14th day of May 2025.

*/s/ Jessica L. Blome*
Jessica L. Blome