UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BEAR WARRIORS UNITED, INC.,**

    **Plaintiff,**

v.                                Case No. 6:22-cv-2048-CEM-LHP

**ALEXIS A. LAMBERT,**

    **Defendant.**

_____/

### ORDER AND PERMANENT INJUNCTION

THIS CAUSE is before the Court on Plaintiff's Proposed Injunction (Doc. 174), to which Defendant filed a Response (Doc. 180). It is **ORDERED** and **ADJUDGED** as follows:

1. **On or before July 17, 2025**, Defendant shall apply for an Incidental Take Permit pursuant to 16 U.S.C. § 1539(1)(B).

2. **On or before June 17, 2025**, Defendant shall establish and implement a biomedical assessment program for manatees within the North Indian River Lagoon modeled on the program set forth in "Biomedical health assessments of the Florida manatee in Crystal River—providing opportunities for training during the capture, handling, and processing of this endangered aquatic mammal" a 2012 report published in the

Journal of Marine Animals and their Ecology. This program shall be established and overseen by a team of manatee experts, including at least one expert not employed by the Florida Fish and Wildlife Conservation Commission, who shall be subject to the Court's approval. Quarterly reports detailing the results of this program shall be submitted to the Court and made public. This program shall remain in effect until Defendant receives an Incidental Take Permit.

3. **On or before June 17, 2025**, Defendant shall establish a supplemental feeding program for manatees in the North Indian River Lagoon. This program shall be established and overseen by a team of manatee experts subject to the Court's approval. Quarterly reports detailing the results of this program shall be submitted to the Court and made public. This program shall remain in effect until the Defendant receives an Incidental Take Permit.

4. Defendant shall submit quarterly reports to the Court documenting mortality statistics for both adults and neonatal manatees, as well as live manatee recoveries within the North Indian River Lagoon. These reports shall also be made public. This reporting requirement shall remain in effect until Defendant receives an Incidental Take Permit.

5. Defendant shall submit quarterly reports to the Court regarding water quality conditions, seagrass conditions, macroalgae conditions, and harmful algae blooms within the North Indian River Lagoon. These reports shall include all data from the St. Johns River Water Management District on water quality, seagrasses, macroalgae, and harmful algae blooms within these waterbodies. These reports shall be made public. This reporting requirement shall remain in effect until Defendant receives an Incidental Take Permit.

6. **On July 17, 2025**, Defendant shall cease to issue new permits for the construction and installation of onsite sewage treatment and disposal systems ("OSTDS") within the watershed delineated in Figure 1 of the North IRL 2021 Basin Management Action Plan. This moratorium shall terminate upon the issuance of an Incidental Take Permit to Defendant.

7. The Court shall retain jurisdiction over this matter until Defendant obtains an Incidental Take Permit.

8. Plaintiff shall provide the Court written notice within fourteen days of the expired deadlines, as to Plaintiff's position on whether Defendant is in compliance with this Order.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2025.



Copies furnished to:

Counsel of Record