# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BEAR WARRIORS UNITED, INC, a
Florida Not for Profit Corporation,

    Plaintiff,

    v.

ALEXIS A. LAMBERT, in her
Official Capacity as Secretary of the
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

    Defendant.

CASE NO.: 6:22-cv-02048

## PLAINTIFF'S MOTION TO REOPEN THE CASE

Plaintiff Bear Warriors United submits this motion to reopen this case pursuant to Rule 60(b)(6) and this Court's "Order and Permanent Injunction," entered on May 19, 2025, which provides, "The Court shall retain jurisdiction over this matter until Defendant obtains an Incidental Take Permit." Dkt. 190 at ¶ 8.

Rule 60(b)(6) provides that relief may be granted from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Reopening this case is justified. First, in its Order and Permanent Injunction, the Court explicitly retained jurisdiction over this case to monitor Defendant's compliance with interim injunctive relief that applies to Defendant while its application for an Incidental Take Permit is pending. Dkt. 190 at 3. To that end the Order

1

requires that Defendant submit quarterly reports documenting certain conditions in the North Indian River Lagoon and explaining the status of the permit. *Id.* The Order further instructs Plaintiff to provide its position "on whether Defendant is in compliance with this Order." *Id.*

In compliance with the Order, on October 1, 2025, Defendant filed its First Quarterly Report with the Court. Dkt. 214. On October 9, 2025, before Plaintiff could file its position paper regarding Defendant's compliance with the Order, the Clerk closed the case. Dkt. 215. While it is true that Defendant has appealed this case to the U.S. Court of Appeal for the Eleventh Circuit, this Court and the Court of Appeal each denied Defendant's request for a stay of the Order and Permanent Injunction pending appeal. Accordingly, the Order remains in effect, and the Court has retained jurisdiction to evaluate and monitor Defendant's compliance with it. Plaintiff seeks to reopen this case, so the parties can comply with the Order.

Second, contemporaneously with this motion, Plaintiff is submitting its Response to Defendant's First Quarterly Report, together with a review of Defendant's Report prepared by Plaintiff's expert Dr. Peter Barile, Ph.D. The Court must reopen to the case to accept Plaintiff's position and response.

Plaintiff has conferred with Defendant regarding its position on this motion under Local Rule 3.01(g)(2). Defendant Alexis Lambert takes no position on the motion but notes that judges in this district have allowed

status reports to be filed in closed cases. *See, e.g.*, *Armont v. K12 (Fla. Cyber Charter Acad. - FLCCA)*, 2020 WL 376957, at *1 (M.D. Fla. Jan. 23, 2020); *Peterson v. Avantair, Inc.*, 2013 WL 4506414, at *2 (M.D. Fla. Aug. 23, 2013); *Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, 2017 WL 1191383 at *8 (M.D. Fla. Mar. 31, 2017).

WHEREFORE, Plaintiff moves the Court to enter reopen this case to ensure the Court's ability to accept Defendants' quarterly reports and Plaintiffs' position statements pursuant to its Order and Permanent Injunction, Dkt. 190.

Dated: November 17, 2025     By: */s/ Jessica L. Blome*
Jessica L. Blome
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com

*Counsel for Plaintiff Bear Warriors United, Inc.*

### Certificate of Service

On November 17, 2025, I e-filed this motion with the Court via ECF, which will email everyone requiring service.

Dated: November 17, 2025     */s/ Jessica L. Blome*
Jessica L. Blome